IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC M. SOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-519-WKW |
| ) | [WO] |
| SUPREME COURT OF ) | |
| ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On January 22, 2016, the Magistrate Judge filed a Recommendation (Doc. # 15) that Plaintiff's First Amended Complaint (Doc. # 14) be dismissed because the court lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine and the Eleventh Amendment. Plaintiff filed the first amended complaint after the court dismissed his original complaint for lack of jurisdiction and allowed him an opportunity to amend. (Doc. # 13.) However, the Recommendation found that the first amended complaint failed to correct the jurisdictional defects in the original complaint. (Doc. # 15, at 2–3.)

On February 5, 2016, the deadline to object to the Recommendation, Plaintiff filed a document titled "Plaintiff's Second Amended Complaint." (Doc. # 16.) In this pleading, Plaintiff again argues for an exception to the *Rooker-*

*Feldman* doctrine and adds an argument against Eleventh Amendment immunity. (Doc. # 16, at 2–5.)  Plaintiff also amends the *ad damnum* clause of each count to "respectfully request[] this Honorable Court to issue injunctive and declaratory relief against the defendants."  (*See* Docs. # 14, 16, Counts 1–4 *ad damnum* clauses.)  The court construes this Second Amended Complaint as containing an objection to the Recommendation and has conducted an independent and *de novo* review of those portions of the Recommendation to which objections are made, *see* 28 U.S.C. § 636(b)(1).  For the reasons that follow, the Recommendation is due to be adopted, and the case will be dismissed.

The Recommendation on Plaintiff's original complaint, as adopted by the court, determined that "the *Rooker-Feldman* doctrine bars plaintiff's claims for declaratory and equitable relief as to his application for admission to the Alabama State Bar."  (Doc. # 9, at 11.)   In an attempt to overcome the *Rooker-Feldman* bar, Plaintiff's First Amended Complaint requested compensatory and punitive damages in the *ad damnum* clause for Count 1.  (Doc. # 14, at 2–4, 14.)  The Magistrate Judge recommended dismissal of the amended count, and Plaintiff now attempts to change the requested relief back to declaratory and injunctive relief. He also amends his *Rooker-Feldman* argument and insists that an exception to the *Rooker-Feldman* bar applies because "the state mandamus proceeding failed to

provide plaintiff with [a] reasonable opportunity to litigate his claim." (Doc. # 16, at 3.)

Whether Plaintiff seeks compensatory and punitive damages or declaratory and injunctive relief is inconsequential. That is because Count 1 is barred by the *Rooker-Feldman* doctrine not based on the requested relief, but because of the claim's relationship to the issues involved in the state court proceeding. *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1333 (11th Cir. 2001). A district court does not have jurisdiction over a claim that is "inextricably intertwined" with a state court proceeding so that the claim only succeeds to the extent that the state court wrongly decided the issues before it. *Id.* at 1332. The Eleventh Circuit recognizes an exception to the *Rooker-Feldman* bar when a plaintiff has not had a "reasonable opportunity to raise his federal claims in the state court proceedings." *Dale v. Moore*, 121 F.3d 624, 626–27 (11th Cir. 1997) (citing *Wood v. Orange Cty.*, 715 F.2d 1543, 1547 (11th Cir. 1983)). It has held, however, that a "frustrated bar applicant" bringing a challenge "based on constitutional or other grounds, that a state court's judicial decision in a particular case has resulted in the unlawful denial of admission to a particular applicant" does not fall within that exception. *Id.* As both Recommendations of the Magistrate Judge make clear, Count 1 only succeeds if the state court determination of Plaintiff's mandamus petition was incorrect. (Doc. # 9, at 11–12; Doc. # 15, at 6.)

Therefore, the *Rooker-Feldman* bar applies to Count 1 of the first and second amended complaints, and Plaintiff's objection is without merit.[1] To the extent that Plaintiff argues that Eleventh Amendment immunity does not bar his claims, the Magistrate Judge considered the exceptions to immunity and found that they did not apply. Plaintiff's objection is without merit.

Counts 2–4 of the Second Amended Complaint are not substantially different from those in the First Amended Complaint. Plaintiff's objections to dismissal of these counts are without merit.

Accordingly, it is ORDERED that:

(1)  Plaintiff's objections (Doc. # 16) are OVERRULED;

(2)  The Recommendation (Doc. # 15) is ADOPTED; and

(3)  The case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate final judgment will be entered.

DONE this 17th day of February, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also asserts that because the state action was a writ of mandamus and thus an exceptional remedy, the *Rooker-Feldman* bar should not apply. The court considered and rejected the argument that a writ of mandamus is not a judicial proceeding during the review of the first Recommendation. (*See* Doc. # 9, at 10 n.10; Doc. # 12, at 9–10.)